I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:          DATE:    DEPUTY CLERK:

Petitioner on 12-22-14 by TS



**FILED**
CLERK, U.S. DISTRICT COURT

December 22, 2014

CENTRAL DISTRICT OF CALIFORNIA
BY:       TS       DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

DERRICK ARNOLD JOHNSON,       )   No. CV 14-9441-CAS (DFM)
                              )
            Petitioner,       )   ORDER TO SHOW CAUSE
                              )
      v.                      )
                              )
                              )
JOHN SOTO, Warden,            )
                              )
            Respondent.       )
                              )
_____)

On December 9, 2014, Petitioner Derrick Arnold Johnson constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") in this Court, raising 11 grounds for relief. Petitioner was convicted by a Los Angeles County Superior Court jury on May 25, 1993 of one count of second degree murder and one count of evading an officer causing death. Petitioner was sentenced to 21 years-to-life in state prison. Petition at 4.[1]

///

_____

[1] All citations to the Petition are to the CM/ECF pagination.

**A.    The Petition Is Facially Untimely**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. See 28 U.S.C. § 2244(d)(1). However, for convictions that became final before AEDPA took effect, such as Petitioner's, the limitation period begins with AEDPA's effective date of April 24, 1996. Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999). Accordingly, Petitioner had until April 24, 1997 to file a timely habeas petition in this Court. However, Petitioner did not file the instant action until December 9, 2014, more than 18 years too late.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the claims alleged in the Petition appear to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) because it appears from the face of the Petition that Petitioner was aware of the factual predicate of all his claims, with the exception of Ground One, at the time of his trial in 1993. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

///

2

**B.** **It Does Not Appear that Petitioner Is Entitled to Any Statutory or Equitable Tolling Which Would Make the Petition Timely**

Thus, unless a basis for tolling the statute existed, Petitioner's last day to file his federal habeas petition was April 24, 1997, more than 18 years ago. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). No basis for statutory tolling under § 2244(d)(2) appears to exist here. The only state collateral challenges filed by Petitioner subsequent to the date his judgment of conviction became final are habeas petitions that Petitioner filed in the California state courts in 2014. See Petition at 14-15. It does not appear that Petitioner would be entitled to statutory tolling for any of those state habeas petitions because they were not filed until approximately 18 years after Petitioner's federal filing deadline had already lapsed. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001).

The Supreme Court has held that AEDPA's one-year limitation period is also subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 605, 645 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 560 U.S. at 649. Here, Petitioner does not allege that any circumstances exist which would establish a right to equitable tolling.

///

///

///

3

**C.**   **Petitioner's Ex Post Facto Claim Is Untimely; Alternatively, It Should Be Dismissed as the Subject of a Current Class Action Suit**

In Ground One, Petitioner alleges that the application of "Marsy's Law," Cal. Penal Code § 3041.5, to deny Petitioner a parole hearing for ten years from his 2010 parole hearing date violated the Constitution's Ex Post Facto clause. Marsy's Law increased the maximum deferral period of a subsequent parole hearing from one year to 15 years, with a presumptive deferral period of ten years. Cal. Penal Code § 3041.5(b)(3)(B). Because Petitioner knew the factual predicate of his Ex Post Facto claim at the time of his parole hearing in 2010, it appears that this claim is also barred by AEDPA's one-year statute of limitations.

Alternatively, even if it is not time barred, this claim should be dismissed without prejudice because Petitioner is a putative class member in an ongoing class action lawsuit asserting the same claim, which is currently pending in the United States District Court for the Eastern District of California. Gilman v. Brown, Civ. S 05–830-LKK (GGH ).[2] The Gilman plaintiffs allege, among other things, that the provisions of Marsy's Law extending deferral periods for parole hearings violate the Ex Post Facto Clause. See Gilman v. Schwarzenegger, 638 F.3d 1101, 1103 (9th Cir. 2011).

On March 4, 2009, the district court in Gilman certified a class of all California state prisoners convicted of murder currently serving sentences of life with the possibility of parole, like Petitioner. See Gilman v. Davis, 2009 WL 577767 (E.D.Cal. 2009). On February 4, 2010, the district court granted a preliminary injunction enjoining the defendants from enforcing the deferral

---

[2] The Court may take judicial notice of court records in the Eastern District of California in Gilman. See Fed.R.Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

period provisions of Marsy's Law as to the named plaintiffs. <u>See</u> <u>Gilman v. Davis</u>, 690 F.Supp.2d 1105 (E.D.Cal. 2010). On January 24, 2011, the Ninth Circuit reversed, holding that the plaintiffs had failed to show a likelihood of success on this claim. <u>See</u> <u>Gilman v. Schwarzenegger</u>, 638 F.3d 1101 (9th Cir. 2011).

On February 28, 2014, following a bench trial, the district court in <u>Gilman</u> declared, inter alia, that the deferral provisions of Marsy's Law violate the Ex Post Facto Clause. On March 27, 2014, the <u>Gilman</u> defendants filed a notice of appeal. On August 12, 2014, in <u>Gilman v. Brown</u>, Ninth Circuit Case No. 14-15680, the Ninth Circuit granted the defendants' emergency motion to stay the district court's February 28, 2014 order. The appeal is currently still pending in the Ninth Circuit.

As noted, Petitioner is a member of the <u>Gilman</u> class because he is a California state prisoner who has been sentenced to a life term with the possibility of parole for an offense that occurred before November 4, 2008. Ground One is the equivalent of a suit for the same injunctive and equitable relief which is the subject of the <u>Gilman</u> class action. Because the <u>Gilman</u> class action is ongoing, dismissal of Ground One without prejudice is appropriate. <u>See</u> <u>Crawford v. Bell</u>, 599 F.2d 890, 892-93 (9th Cir. 1979) (district court may dismiss individual plaintiff's action where plaintiff is member of a pending class action raising the same claims). Multiple district courts presented with habeas petitions challenging parole decisions applying Marsy's Law have dismissed a habeas challenge in light of the ongoing <u>Gilman</u> action. <u>See, e.g.</u>, <u>Washington v. Soto</u>, No. 14-6649, 2014 WL 6669894, at *5 (C.D. Cal. Oct. 27, 2014) (recommending that an Ex Post Facto challenge to Marsy's Law be dismissed given the petitioner's putative membership in <u>Gilman</u> class); <u>Crawford v. Swarthout</u>, No. 14-0571, 2014 WL 4276204, at *2 n. 1 (E.D. Cal. Aug. 28, 2014) (same); <u>Kilgore v. Valenzuela</u>, No. 14-0722, 2014 WL

5

4060269, at *7 (C.D. Cal. Aug. 13, 2014) (collecting cases).

**D.   Conclusion**

A district court has the authority to raise the statute of limitations issue <u>sua sponte</u> when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." <u>See</u> <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before January 20, 2015, Petitioner show cause in writing as to why the Court should not recommend that Grounds Two through Eleven be summarily dismissed with prejudice on the ground of untimeliness, and why Ground One should not be dismissed without prejudice because it is the subject of an ongoing class action suit.

Dated:  December 22, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

6